RECEIVED
IN ALEXANDRIA, LA
JAN 08 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER 01-CR-10001 |
| VS. | JUDGE DRELL |
| RICKEY TONEY | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* Motion to Modify Sentence filed by defendant Rickey Toney on or about October 10, 2006. [doc. 45] Toney is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi.

*Statement of the Case*

On June 1, 2001 Toney pled guilty to sale or receipt of stolen motor vehicles (see 18 U.S.C. §2313)[docs. 17-20]. On September 6, 2001, United States District Judge F.A. Little sentenced Toney to serve 33 months imprisonment in the custody of the BOP. The sentence also provided for three years of supervised release conditioned upon the usual conditions of supervised release, including the conditions that Toney refrain from illegal drug use and that he pay fines, court costs, and restitution in specified amounts. [doc. 27] Thereafter, Toney filed numerous *pro*

se Motions seeking a reduction of sentence.[1]

On June 13, 2005 Toney again corresponded with Judge Little seeking a reduction of his sentence. [docs. 40-1 and 40-2] Judge Little then authored an Amended Judgment which concluded,

> The complexities of this matter prohibited this court from running its sentence concurrent with the Mississippi sentence in that Mississippi, the sovereign with primary jurisdiction, had not sentenced the defendant prior to the sentence of this court. <u>This</u>

---

[1] On February 22, 2002 he filed a *pro se* Motion to Order Defendant into Federal Custody. According to that motion, Toney had previously been detained in the Adams County, Mississippi jail awaiting prosecution on state charges at the time he entered his plea to the federal offense. He claimed that he was returned to Mississippi's custody on September 12, 2001 to answer to those pending state court charges. He claimed that on December 5, 2001 he was convicted of the Mississippi charges and sentenced to serve a state sentence which was ordered to be served concurrently with the federal sentence. In this Motion he asked that he be permitted to serve his federal sentence so that he might benefit from the Mississippi court's order of concurrent sentences. [doc. 29]

On March 18, 2002 he filed a *pro se* Motion to Honor Concurrent State Sentence which alleged facts identical to those alleged in his previous Motion. Toney again requested that he be permitted to commence serving his federal sentence and also requested credit for all time served awaiting trial. Finally, he attached a copy of the state court judgment which reflected that he pled guilty to the offense of receiving stolen property on December 5, 2001 in the Circuit Court of Adams County, Mississippi and that as a consequence he was sentenced to serve five years in the custody of Mississippi's Department of Corrections and that the sentence "... run concurrently with the federal sentence that the defendant is presently serving..." [doc. 30] On March 20, 2002 Judge Little denied Toney's motions citing an opinion from the Regional Counsel for the BOP which stated, "... the [BOP} will not accept custody of a prisoner when the state has primary jurisdiction over that prisoner..." [doc. 31]

On April 7, 2005 Toney filed a *pro se* Motion for Reduction of Sentence for Iniating [sic] Detainer. Among other things he alleged that the BOP "... neglected to place a detainer upon petitioner..." while he was serving time on the Mississippi charges. Toney argued that he was therefore entitled to a reduction of his federal sentence. [doc. 36] On April 28, 2005 Judge Little rejected this argument and denied the motion. [doc. 37]

On May 9, 2005 Toney filed a pro se "Request for Credit - Nunc Pro Tunc" in which he requested that he be given credit for all time served in Mississippi custody against his federal sentence. On May 16, 2005 Judge Little denied the pleading and noted, "Motion Denied. Concurrent sentence with state court judgment was not ordered by this court. State court judgment followed federal judgment." [docs. 38-39]

> court now adjusts the sentence that it previously rendered and reduces the federal sentence of defendant Rickey Toney to TIME SERVED. This will afford Toney release after implementation of appropriate procedures...

However, that Amended Judgment further specified,

> There are no adjustments in the term of supervised release previously ordered. [doc. 41-1 (emphasis supplied)]

Having thus satisfied the original sentence, Toney was released from physical custody to supervised release. In December 2005 his supervised release was transferred to the United States District Court for the Southern District of Mississippi pursuant to the provisions of 18 U.S.C. §3605. [doc. 43] On June 12, 2006 the United States Probation Officer submitted a petition and order seeking a warrant for Toney's arrest based on alleged violations of the terms of supervised release. [United States of America v. Rickey Toney, No. 5:06-cr-00001 (U.S.D.C. - S.D.Miss.) at doc. 2] The warrant issued and Toney was taken into custody on the warrant on August 1, 2006. [id., doc. 4 and following] On August 8, 2006 a hearing was convened. Toney admitted to the violations of the terms of supervised release.[2] The court then ordered that Toney be committed to the custody of the BOP for imprisonment for a period of 12 months and 1 day. [id., doc. 6]

---

[2] The evidence established that urine samples provided on July 18, 2005, October 18, 2005, February 28, 2006, and May 12, 2006 tested positive for cocaine use. Further, the evidence established that Toney had failed to make any payments toward his fine and restitution.

On August 18, 2006 Toney filed a *pro se* Motion to Grant Time Spent in Custody in the Southern District of Mississippi. [*id.*, doc. 7] On September 20, 2006, United States District Judge David Bramlette denied the motion having found upon review "... that all prior sentences were properly imposed..." [*id.*, doc. 9]

Thereafter, on October 3, 2006 Toney corresponded to Judge Little. He advised Judge Little of the revocation of his supervised release. He argued that since he was required to serve an additional nine months in custody on the Mississippi sentence he was entitled for a credit for seven months against his remaining federal sentence; he also requested that the amount of his monthly restitution payments be reduced. [doc. 45-1]

Due to Judge Little's retirement, Toney's correspondence was forwarded to United States District Judge Dee D. Drell. On October 11, 2006 Judge Drell issued an order construing Toney's letter as a Motion to Modify Sentence and he referred the Motion to the undersigned for Report and Recommendation. [doc. 46] Thereafter, Toney submitted numerous letters and memoranda in support of his request for sentence modification.[3]

---

[3] On October 19, 2006 Toney submitted a letter memorandum to the undersigned and argued that Judge Little's Amended Judgment of June 14, 2005 [doc. 41-1] demonstrates the court's intention to have both the Mississippi and federal sentences served concurrently. He also argued that but for the federal detainer, he would have been eligible for early release from the Mississippi sentence and that his release from Mississippi custody would have occurred in August 2004. Therefore, he requested credit toward his current federal sentence for the time spent in custody between August 2004 (the date he claims he would have been eligible for early release from the Mississippi sentence) and June 15, 2005 (the date of his release based upon Judge Little's Amended Judgment). In the alternative, he requested credit against his

## *Law and Analysis*

As shown above, jurisdiction over Toney's supervised release was transferred to the United States District Court for the Southern District of Mississippi on December 20, 2005 pursuant to the provisions of 18 U.S.C. §3605. [doc. 43]

Prior to that transfer, Judge Little reduced Toney's original sentence of incarceration to time served. Petitioner has fully satisfied the original sentence of incarceration imposed by Judge Little. His current incarceration is based solely upon the violation of the conditions of supervised release and was imposed by the United States District Court for the Southern District of Mississippi. That court, in its wisdom, reduced Toney's potential sentence exposure from the 3 years ordered by Judge Little, to a period of 12 months and 1 day. Further, that court has considered Toney's arguments that he is entitled to additional credit against the term imposed and has rejected those arguments. In short, Toney seeks modification of the sentence imposed by the United States District Court for the Southern District of

---

present sentence for the time spent in custody between December 25, 2004 – June 15, 2005. [doc. 47-1]

On October 18, 2006 Toney submitted another letter memorandum citing as authority for his claims the United States Second Circuit Court of Appeals decision in *United States of America v. Peter Timothy Whaley*, 148 F.3d 205 (2d Cir. 1998). [doc. 48-1] On October 30, 2006 [doc. 49], November 2, 2006 [doc. 50-1], November 20, 2006 [doc. 51-1], and November 15, 2006 [doc. 52-1] Toney submitted additional letter memoranda to the court requesting credit toward his current sentence for time served on the original sentence.

Mississippi. That court has exclusive jurisdiction to modify petitioner's current sentence.[4] This court lacks jurisdiction to consider that Motion and therefore, it should be denied.

Accordingly,

**IT IS RECOMMENDED THAT** defendant's Motion to Modify Sentence [doc. 45] be **DENIED** and **DISMISSED WITH PREJUDICE** as this court lacks jurisdiction to consider the motion.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See

---

[4] Petitioner's supervised release was transferred to the Southern District of Mississippi pursuant to 18 U.S.C. §3605 which provides in pertinent part, "A court to which jurisdiction is transferred under this section is authorized to exercise <u>all powers</u> over the probationer or release that are permitted by this subchapter or subchapter B or D of chapter 227."

*Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

  **THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___8th___ day of _____Jan_____, 2007.

              _____
               JAMES D. KIRK
               UNITED STATES MAGISTRATE